1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10                              ----oo0oo----

11

12   JEANETTE HOANG, YUN WU, GUANG          NO. CIV. 2:13-00724 WBS GGH
     GU XIANG, MENGTING FANNY KUO,
13   GIA NHAM THANH, EDMOND CAU
     VAN, GAO ZHI WEI, DANNY HUNG           MEMORANDUM AND ORDER RE:
14   LEUNG, YE-GUI BU, and COOC MAN         MOTIONS TO DISMISS AND JOIN
     COONG,                                 NECESSARY PARTY
15
             Plaintiffs,
16
        v.
17

18   VINH PHAT SUPERMARKET, INC., a
     California Corporation; SAU V.
19   VONG, as an individual; CAM
     LY, as an individual; SUYING
20   PLASKET, as an individual; and
     DOES 1 through 100, inclusive,
21
             Defendants.
22   _____/

23

24                              ----oo0oo----

25           Plaintiffs Jeanette Hoang, Yun Wu, Guang Gu Xiang,

26   Mengting Fanny Kuo, Gia Nham Thanh, Edmond Cau Van, Gao Zhi Wei,

27   Danny Hung Leung, Ye-Gui Bu, and Cooc Man Coong bring this action

28   against defendants Vinh Phat Supermarket ("Vinh Phat"), Sau V.

                                     1

1  Vong, Cam Ly, Suying Plasket, and Does one through one hundred,

2  arising from defendants' allegedly wrongful conduct related to

3  the conditions of plaintiffs' employment.  Vinh Phat now moves to

4  dismiss plaintiffs' Private Attorney General Act ("PAGA") claim

5  for failure to state a claim upon which relief can be granted

6  pursuant to Federal Rule of Civil Procedure 12(b)(6).  Vong, Ly,

7  and Plasket (collectively, the "individual defendants") move to

8  dismiss plaintiffs' California Labor Code section 558 claim

9  against them, as well as plaintiffs' alter ego claim, for failure

10  to state a claim upon which relief can be granted pursuant to

11  Rule 12(b)(6).  They also move to join Muoi Lam as a necessary

12  party pursuant to Rule 21.

13  I.   Factual and Procedural Background

14       Plaintiffs filed their Complaint on December 7, 2012,

15  in Sacramento County Superior Court.  (Notice of Removal Ex. A

16  ("Compl.") (Docket No. 1).)  Among other claims, plaintiffs

17  brought a PAGA claim alleging that Vinh Phat violated various

18  provisions of the California Labor Code and Industrial Welfare

19  Commission ("IWC") wage orders and seeking civil penalties.  (Id.

20  ¶¶ 66-71.)  They also brought a claim for violation of California

21  Labor Code section 558 alleging that the individual defendants

22  failed to pay plaintiffs overtime and to provide meal and rest

23  periods and seeking civil penalties.[1]  (Id. ¶¶ 81-86.)  According

24  to the Complaint, plaintiffs sought permission pursuant to Labor

25  Code section 2699 et seq. to pursue these claims and sent the

26  _____

27  [1]     As explained below, plaintiffs' section 558 claim
    against the individual defendants must be brought pursuant to
    PAGA's procedural requirements.  For clarity, the court refers to
28  the claim as a section 558 claim rather than a PAGA claim.

2

1  requisite notice to defendants.[2]  (See id. ¶ 19.)

2        Despite the last allegation, plaintiffs did not send

3  written notice of their PAGA and section 558 claims to the Labor

4  and Workforce Development Agency ("LWDA") and defendants until

5  December 13, 2012, more than a week after filing the Complaint.[3]

6  (Pls.' Exs. in Supp. of Opp'n Ex. B ("Dec. 13, 2012 Letter")

7  (Docket No. 21-3).)  The letter lists the Labor Code and IWC wage

8  order provisions that plaintiffs contend defendants violated and

9  purports to provide the "facts and theories" substantiating those

10  violations.  (Id. at 1.)

11        On or about March 12, 2013, plaintiffs amended the

12  Complaint to allege claims under the Fair Labor Standards Act

13  ("FLSA").  (Notice of Removal Ex. B ("FAC").)  Vinh Phat then

14  removed the action to this court on April 14, 2013.  (Docket No.

15  1.)  After Vinh Phat filed a motion to dismiss the First Amended

16

17        [2]  All references to the "Labor Code" are to the
California Labor Code.

18        [3]  The court may consider the December 13, 2012 letter
19  sent by plaintiffs to the LWDA and defendants, (Pls.' Exs. in
Supp. of Opp'n Ex. B ("Dec. 13, 2012 Letter") (Docket No. 21-3));
20  the January 8, 2013 letter sent by Vinh Phat to the LWDA, (id.
Ex. D ("Jan. 8, 2013 Letter") (Docket No. 21-3)); and the January
21  21, 2013 letter sent by plaintiffs to the LWDA, (id. Ex. E ("Jan.
22  21, 2013 Letter") (Docket No. 21-3)).  These documents, while not
attached to the Second Amended Complaint, are referenced therein
and are therefore properly considered on a motion to dismiss.
23  See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) ("As it
makes sense and comports with existing practice, we hold that
24  documents whose contents are alleged in a complaint and whose
authenticity no party questions, but which are not physically
25  attached to the pleading, may be considered in ruling on a Rule
12(b)(6) motion to dismiss."), overruled on other grounds by
26  Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir.
2002).
27        The parties requested judicial notice of various other
documents and facts.  Because it is not necessary for the court
28  to rely on these sources to resolve the instant motions, it
declines to rule on the parties' requests regarding them.

Complaint ("FAC"), the parties stipulated to allow plaintiffs to
file the Second Amended Complaint ("SAC"), which was deemed filed
and served on May 15, 2013.  (See Docket Nos. 6, 9, 10, 11, 13.)

In the SAC, plaintiffs bring claims for: (1) overtime
compensation, Cal. Labor Code § 1194; (2) failure to pay minimum
wages, Cal. Labor Code § 1194; (3) failure to provide meal and
rest periods, Cal. Labor Code § 226.7; (4) waiting time
penalties, Cal. Labor Code § 203; (5) failure to provide accurate
wage statements, Cal. Labor Code § 226(a); (6) violation of PAGA,
Cal. Labor Code §§ 2699 et seq.; (7) violation of California's
Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§
17200-17210; (8) violation of California Labor Code section 558;
(9) failure to pay overtime under the FLSA, 29 U.S.C. § 207; and
(10) failure to pay minimum wages under the FLSA, 29 U.S.C. §
206.

In their PAGA claim, plaintiffs allege that defendants
violated the following Labor Code sections: 201-203, 226, 226.7,
510, 558, and 1194.  (Second Am. Compl. ("SAC") ¶ 96 (Docket No.
14).)  Each of the claims are alleged against Vinh Phat and Does
one through one hundred, except that the eighth claim for
violation of California Labor Code section 558 and the ninth and
tenth claims under the FLSA are also alleged against the
individual defendants.

The SAC elaborates on plaintiffs' initial allegation
that they sought permission to pursue their claims and sent the

1  requisite notice to defendants.[4]  Plaintiffs allege that they

2  "sought permission pursuant to Labor Code section 2699.3 et seq.

3  to pursue the claims set forth in [the SAC] against [d]efendants

4  as a Private Attorney General on behalf of themselves and other

5  similarly situated employees." (Id. ¶ 19.)  They gave written

6  notice via certified mail to the LWDA, Vinh Phat, and the

7  individual defendants on approximately December 17, 2012. (Id.;

8  see also Dec. 17, 2012 Letter.)  Vinh Phat wrote a letter to the

9  LWDA on approximately January 8, 2013, which stated that

10 plaintiffs' claims were unfounded and requested that the LWDA

11 investigate the allegations. (SAC ¶ 19; Pls.' Exs. in Supp. of

12 Opp'n Ex. D ("Jan. 8, 2013 Letter") at 1 (Docket No. 21-3).)

13 Plaintiffs thereafter sent the LWDA a letter on approximately

14 January 21, 2013, expressing their understanding that Vinh Phat

15 did not "cure" the alleged Labor Code section 558 violation.

16 (SAC ¶ 19; Pls.' Exs. in Supp. of Opp'n Ex. E ("Jan. 21, 2013

17 Letter") at 2 (Docket No. 21-3).)  As of the filing of the SAC,

18 the LWDA has not provided any response to plaintiffs' or Vinh

19 Phat's correspondence. (SAC ¶ 19.)

20      Vinh Phat now moves to dismiss plaintiffs' PAGA claim

21 pursuant to Rule 12(b)(6). (Docket No. 14.)  The individual

22 defendants move to dismiss plaintiffs' Labor Code section 558

23 claim against them, as well as plaintiffs' alter ego claim,

24 pursuant to Rule 12(b)(6). (Docket No. 16.)  They also move to

25

26

27      [4]   The FAC contains the same allegations regarding
28 exhaustion and notice as the Complaint. (See Compl. ¶ 19; FAC ¶
   19.)

5

1 join Muoi Lam as a necessary party pursuant to Rule 21.[5]  (Id.)

2 II.  Legal Standard

3         To survive a motion to dismiss, a plaintiff must plead

4 "only enough facts to state a claim to relief that is plausible

5 on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

6 (2007).  This "plausibility standard," however, "asks for more

7 than a sheer possibility that a defendant has acted unlawfully,"

8 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and "[w]here a

9 complaint pleads facts that are 'merely consistent with' a

10 defendant's liability, it 'stops short of the line between

11 possibility and plausibility of entitlement to relief.'"  Id.

12 (quoting Twombly, 550 U.S. at 557).  In deciding whether a

13 plaintiff has stated a claim, the court must accept the

14 allegations in the complaint as true and draw all reasonable

15 inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416

16 U.S. 232, 236 (1974), overruled on other grounds by Davis v.

17 Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322

18 (1972).

19         Rule 19 governs the joinder of persons necessary for a

20 suit's just adjudication.  The court undertakes a three-step

21 inquiry under Rule 19.  E.E.O.C. v. Peabody W. Coal Co., 610 F.3d

22 1070, 1078 (9th Cir. 2010).  It must first determine whether a

23 nonparty should be joined under Rule 19(a); if so, that nonparty

24 is a "person required to be joined if feasible."  Id. (quoting

25 Fed. R. Civ. P. 19(a)).  If joinder is not feasible, the court

26 _____

27         [5]    The individual defendants' request is more properly
   considered under Rule 19, which governs compulsory party joinder
28 in federal district courts.  See E.E.O.C. v. Peabody W. Coal Co.,
   610 F.3d 1070, 1077 (9th Cir. 2010).

1    must determine whether the case may proceed without the absentee

2    nonparty or whether the action must be dismissed.   Id.

3    III. Analysis

4         Under the California Labor Code, employers may be

5    subject to liability for violations of the law in three ways.

6    First, certain labor code provisions allow an individual to bring

7    a private action for unpaid wages and statutory penalties.   See,

8    e.g., Cal. Labor Code § 203 (providing for statutory penalty for

9    failure to pay wages due to an employee who quits or is

10   discharged); see also Caliber Bodyworks, Inc. v. Superior Court,

11   134 Cal. App. 4th 365, 377-78 (2d Dist. 2005).   The LWDA and its

12   departments may also assess and collect civil penalties for

13   violations of specified provisions of the Labor Code.   See Cal.

14   Labor Code § 210; Caliber Bodyworks, 134 Cal. App. 4th at 370.

15   Finally, under PAGA, individuals may bring a private action

16   against an employer for violations of specific provisions of the

17   Labor Code and recover civil penalties.   See Cal. Labor Code §

18   2699(a); Thomas v. Home Depot USA Inc., 527 F. Supp. 2d 1003,

19   1006 (N.D. Cal. 2007).   "In sum, an employer is potentially

20   liable for unpaid wages and interest, statutory penalties and

21   civil penalties for many violations of Labor Code wage-and-hour

22   provisions."   Caliber Bodyworks, 134 Cal. App. 4th at 378.

23        Relevant to the instant motions to dismiss, plaintiffs

24   bring a PAGA claim against Vinh Phat and seek civil penalties

25   under Labor Code section 2699(f)(2).   Labor Code section 2699

26   "provides for a default civil penalty for all provisions of the

27   Labor Code for which a civil penalty is not specifically

28   provided."   Thomas, 527 F. Supp. 2d at 1007 (citing Cal. Labor

7

1  Code § 2699(f)).  An aggrieved employee who brings a PAGA claim

2  seeking such penalties must comply with certain pre-filing notice

3  and exhaustion requirements set forth in Labor Code section

4  2699.3.  See id. at 1007; Caliber Bodyworks, 134 Cal. App. 4th at

5  381.  The individual must also plead compliance with those

6  requirements.  Caliber Bodyworks, 134 Cal. App. 4th at 382.

7          Plaintiffs also bring a Labor Code section 558 claim

8  against the individual defendants seeking civil penalties under

9  that section.  Section 588 provides for a civil penalty for

10  "[a]ny employer or other person acting on behalf of an employer

11  who violates, or causes to be violated, a section of . . .

12  [C]hapter [One] or any provision regulating hours and days of

13  work in any order of the Industrial Welfare Commission . . . ."

14  Cal. Labor Code § 558(a).  For this claim, plaintiffs must also

15  comply with the pre-filing notice and exhaustion requirements of

16  section 2699.3.  See id. § 2699(a); Caliber Bodyworks, 134 Cal.

17  App. 4th at 379 & n.15, 381.

18          There are two sets of similar administrative

19  requirements in subdivisions (a) and (c) of section 2699.3.  The

20  requirements of subdivision (a) must be met where a plaintiff

21  alleges a violation of any Labor Code provision listed in Labor

22  Code section 2699.5.  Cal. Lab. Code § 2699.3(a).  Under

23  subdivision (a), the aggrieved employee must give notice by

24  certified mail to the LWDA and the employer of the specific code

25  provisions alleged to have been violated and the "facts and

26  theories" underlying the alleged violations.  Id. § 2699.3(a)(1).

27  The employee may then bring a civil suit containing a PAGA claim

28  if: (1) he receives written notice from the LWDA within thirty

8

days that the agency does not intend to investigate the alleged violation, or (2) thirty-three days pass from the date the employee provided notice to the LWDA and the LWDA does not respond.  Id. § 2699.3(a)(2).

Where an employee alleges violations of provisions of the Labor Code not enumerated in section 2699.5 or Division 5,[6] the pre-filing requirements of subdivision (c) apply.  Id. § 2699.3(c)(1).  These requirements are similar to those in subdivision (a), except that the employee must wait thirty-three days after providing notice to the LWDA and the employer to give the employer an opportunity to cure the alleged violation.  Cal. Lab. Code §§ 2699.3(c)(1)-(2).  If the employer chooses to cure the violation, the employer must provide notice by certified mail to the employee and the LWDA.  Id. § 2699.3(c)(2)(A).  If no cure notice is received within the thirty-three day period, the employee may commence a civil suit.  Id.

   A.   Plaintiffs' Compliance with Section 2699.3 as to the PAGA Claim Against Vinh Phat

        1.   Timeliness of Pre-filing Notice

        Vinh Phat contends that because plaintiffs did not provide notice to it and the LWDA before filing this action in state court, plaintiffs' PAGA claim must be dismissed for failure to exhaust administrative remedies.  (Vinh Phat Mem. in Supp. at 5:21-23, 6:14-17 (Docket No. 14-1).)  To summarize the relevant procedural history, on December 7, 2012, plaintiffs filed suit in state court and alleged a PAGA claim based on violations of

---

[6]    Division 5 contains requirements related to occupational safety and health.

California Labor Code sections 201, 202, 203, 226, 226.7, 227.3, 510, 558, and 1194.  (Compl. ¶¶ 66-71.)  Of these alleged Labor code violations, section 558 is the only provision not listed in section 2699.5.

On December 17, 2012, plaintiffs sent notice of the alleged violations to their employer, Vinh Phat, the individual defendants, and the LWDA via certified mail.  (Dec. 17, 2012 Letter; SAC ¶ 19.)  After more than thirty-three days had passed without any response from the LWDA or notice of cure from Vinh Phat, plaintiffs filed the First Amended Complaint, again alleging a PAGA claim predicated upon the same violations.[7] (Notice of Removal Ex. B.)

Although Labor Code section 2699.3(a) provides that "a civil action by an aggrieved employee alleging a violation of any provision listed in Section 2699.5 shall commence only after" exhausting pre-filing notice and exhaustion requirements, Caliber Bodyworks recognized that a plaintiff's failure to provide notice to the LWDA and the employer prior to commencing suit need not be fatal to the plaintiff's PAGA claim if the plaintiff subsequently satisfies the notice and exhaustion requirements and amends the complaint accordingly.  Caliber Bodyworks, 134 Cal. App. 4th at 383 n.18, 385 n.19; see also Cal. Lab. Code § 2699.3(c) (mandating that "[a] civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision other than those listed in Section 2699.5 or Division 5 (commencing with Section 6300) shall

---

[7]   In the SAC, plaintiffs dropped the section 227.3 claim.

1  commence only after" exhausting administrative prerequisites).

2      In Caliber Bodyworks, the plaintiffs sought civil

3  penalties for some of their causes of action alleging violations

4  of the Labor Code, although the complaint did not expressly

5  mention PAGA or request remedies under it.  Caliber Bodyworks,

6  134 Cal. App. 4th at 370, 379.  The plaintiffs did not allege

7  that they had satisfied PAGA's pre-filing notice and exhaustion

8  requirements before initiating their lawsuit.  Id.

9      The court explained that as to the causes of action

10 seeking civil penalties, plaintiffs were required to comply with

11 the provisions of section 2699.3(a).  Id. at 381 ("[T]he first

12 category of causes of action seeking only civil penalties . . .

13 falls squarely within the Act."); see also id. at 383

14 ("[P]laintiffs' first, third and fourth causes of action seek

15 civil penalties for alleged violations of Labor Code provisions

16 specified in section 2699.5.  Under the plain language of the

17 Act, plaintiffs cannot pursue civil penalties for those

18 violations without complying with the pre-filing notice and

19 exhaustion requirements of section 2699.3, subdivision (a).").

20     The court dismissed the causes of action seeking only

21 civil penalties with prejudice because plaintiffs failed to plead

22 compliance with the pre-filing notice and exhaustion requirements

23 in section 2699.3(a), and failed to specify any manner in which

24 they would amend their allegations.  Id. at 383 & n.18.  For

25 causes of action for which plaintiffs requested both civil

26 penalties and other penalties, the court struck the request for

27 civil penalties.  Id. at 385 & n.19.  The court observed,

28 however, that "plaintiffs certainly may follow the administrative

11

procedures in section 2699.3, subdivision (a), and, should the
LWDA choose not to investigate or cite Caliber based on the
alleged violations, then request leave to amend the first amended
complaint to seek civil penalties."  <u>Id.</u> at 383 n. 18; <u>see</u>
<u>also</u> <u>id.</u> at 385 n.19.

    Vinh Phat offers no reason to distinguish <u>Caliber</u>
<u>Bodyworks</u> on the ground that the plaintiffs there did not plead
compliance with section 2699.3(a) in their complaint, while
plaintiffs here so pled.  The court discerns none.  The
individual defendants raise another possible basis for
distinguishing <u>Caliber Bodyworks</u>, and it is best addressed at
this point.

    The <u>Caliber Bodyworks</u> court noted that PAGA became
effective on January 1, 2004, and was amended to require
exhaustion effective August 11, 2004.  <u>Id.</u> at 375.  As the
individual defendants describe it, "[t]he time line in
<u>Caliber</u> was: plaintiffs filed a class action, defendants demurred
to the complaint on failure to exhaust grounds, the trial court
sustained the demurrer, plaintiffs filed a petition for writ of
mandate, the Court of Appeal ordered briefing and, after
reviewing the briefs, published its decision on November 23,
2005."  (Vong Reply at 6:8-12 (citing <u>Caliber Bodyworks</u>, 134 Cal.
App. 4th at 365, 371-72) (Docket No. 24).)  In light of this
chain of events, the individual defendants argue that "[g]iven
the measured pace of judicial proceedings, it is nearly
impossible to conceive that the complaint was filed after August
11, 2004, yet generated this amount of activity in only
[fourteen] months."  (<u>Id.</u> at 6:12-14.)

1     While creative, the individual defendants' argument is

2  unconvincing.  The Caliber Bodyworks court made no inquiry into

3  whether the exhaustion requirement should apply retroactively to-

4  -as the individual defendants would have the court speculate--a

5  complaint filed before the requirement became law.  In

6  comparison, the court in Thurman v. Bayshore Transit Management,

7  Inc., 203 Cal. App. 4th 1112 (4th Dist. 2012), concluded that the

8  plaintiff's PAGA claim could go forward without notice to the

9  LWDA where the suit was initiated after PAGA's effective date but

10 before the administrative exhaustion requirement was added only

11 after a detailed examination of whether the administrative

12 exhaustion requirement was meant to apply retroactively.

13 Thurman, 203 Cal. App. 4th at 1150.  More importantly, Caliber

14 Bodyworks nowhere states, much less implies, that its directive

15 that plaintiffs could reallege their PAGA claims after fulfilling

16 section 2699.3's pre-filing and notice requirements was not a

17 general prescription for the ordinary case, but rather depended

18 on the circumstance that the complaint was filed before the

19 requirements came into effect.  In the absence of any discussion

20 or mention in Caliber Bodyworks of the procedural situation

21 hypothesized by the individual defendants, the court declines to

22 distinguish the case on those grounds.

23     Further, Vinh Phat cites no case law contrary to

24 Caliber Bodyworks's conclusion.  Federal courts applying PAGA

25 have also excused strict compliance with section 2699.3's notice

26 and exhaustion requirements and have considered a PAGA claim

27 despite delayed notice to the LDWA.  See, e.g., Harris v. Vector

28 Mktg. Corp., C-08-5198 EMC, 2010 WL 56179, at *2 (N.D. Cal. Jan.

5, 2010).   In <u>Harris</u>, the plaintiff initially pled a PAGA claim
in her first amended complaint, but failed to send notice to the
LWDA until almost six months later.   Id. at *1.   Although the
court ultimately denied the plaintiff's request for leave to
amend her complaint because the PAGA claim was time barred, the
court found that the delayed notice to the LWDA was not
dispositive.   <u>Id.</u> at *2 ("The bottom line is that Ms. Harris has
now sent a PAGA notice . . . [and] that problem has now, in
essence, been cured."); <u>see also</u> <u>Stagner v. Luxottica Retail N.</u>
<u>Am., Inc.</u>, C 11-02889 CW, 2011 WL 3667502, at *6-7 (N.D. Cal.
Aug. 22, 2011) (dismissing PAGA claim with leave to amend where
plaintiff did not dispute that she failed to satisfy the pre-
filing prerequisites and observing that to satisfy PAGA's
requirements, the plaintiff must allege that the thirty-three day
deadline passed without any notice from the LWDA); <u>Kamar v.</u>
<u>RadioShack Corp.</u>, CV07-2252AHM(AJWX), 2008 WL 2229166, at *14-15
(C.D. Cal. May 15, 2008) (dismissing PAGA claim requesting civil
penalties under section 558 where plaintiffs did not dispute that
they failed to meet PAGA's pre-filing notice and cure
requirements, but granting leave to amend complaint to plead
compliance with those requirements).

        Under other California statutory regimes, courts have
likewise allowed claims to proceed where plaintiffs have not
strictly complied with a statutory exhaustion or presentation
requirement prior to filing suit.   For example, California's Fair
Employment and Housing Act ("FEHA") has a claim presentation
requirement similar to PAGA's exhaustion requirement.   Under
FEHA, an employee must file a complaint with the Department of

Fair Employment and Housing ("DFEH") and receive from DFEH a
notice of right to sue before filing a civil action based on
violations of FEHA. Sutton v. Derosia, 1:11-CV-01426-LJO, 2012
WL 4863788, at *21 (E.D. Cal. Oct. 12, 2012) (citing Romano v.
Rockwell Int'l, Inc., 14 Cal. 4th 479, 492 (1996)).

In Sutton, the plaintiff initiated suit almost a year
before filing a complaint with DFEH, which issued a "right to
sue" letter the same day the plaintiff filed the complaint. Id.
at 22. The court explained that "[a]lthough plaintiff initiated
the lawsuit before obtaining her right to sue letter, the
subsequent issuance of the letter prior to trial cured any
procedural defect." Id. It observed that "there is no evidence
that the premature filing precluded the state from performing its
administrative duties, especially in light of the fact that
plaintiff requested an immediate right to sue notice." Id.

Section 2966.3's notice requirement serves the dual
purpose of providing the LWDA with an initial opportunity to
investigate Labor Code violations and cite employers, and giving
employers, in certain instances, an opportunity to cure the
alleged violations. Cal. Lab. Code §§ 2699.3(a), (c); Caliber
Bodyworks, 134 Cal. App. at 375; Harris, 2010 WL 56179 at *2.
Although this action was filed prematurely, allowing plaintiffs
to bring their PAGA claims would not undermine these purposes.

As in Sutton, there is no indication that plaintiffs'
notice--sent so soon after the original Complaint was filed--
precluded the LWDA from performing its administrative function.
When plaintiffs filed the FAC, it had been well over thirty-three
days since they provided notice to the LWDA. (See Dec. 17 2012

15

Letter.)  By the time plaintiffs filed the SAC, the agency had still not responded to any of the parties' correspondence.  (SAC ¶ 19.)  Thus, there is no risk that allowing plaintiffs to proceed would impinge upon the LWDA's time-limited option to pursue plaintiffs' claims.

Nor did the late notice deprive Vinh Phat of the opportunity to cure.  After plaintiffs sent their notice letter, Vinh Phat promptly notified the LWDA that it disputed "each and every one" of plaintiffs' allegations in the notice letter. (Jan. 8, 2013 Letter at 2.)  More generally, a dismissal with prejudice is not required to satisfy the purpose of allowing the employer to cure.  See Morgan v. AT & T Wireless Servs., Inc., 177 Cal. App. 4th 1235, 1261 (2d Dist. 2009) (allowing Consumers Legal Remedies Act claim in third amended complaint to proceed even though the plaintiffs had not complied with notice and exhaustion requirements that allowed the defendant to cure when they initially brought the claim in the second amended complaint).  Instead, the claim must simply be dismissed and cannot be realleged until thirty-three days or more after the plaintiff complies with 2699.3's notice requirements.  See id. If, before that period passes, the employer corrects the alleged Labor Code violations, the employer cannot be held liable for damages.  See id.

Here, the court finds that plaintiffs have cured the defects in their conformance with section 2699.3's requirements by complying with the notice requirements listed therein, waiting thirty-three days without any notice from the LWDA that it intended to investigate the alleged violations or from Vinh Phat

1  that it intended to cure, and then amending the Complaint to

2  reallege their PAGA claim.  <u>See</u> Caliber Bodyworks, 134 Cal. App.

3  at 383 n.18, 385 n.19.

2.  <u>Sufficiency of Pre-Filing Notice</u>

5  Under section 2699.3, a plaintiff's notice to the LWDA

6  and the employer must include the specific code provisions

7  alleged to have been violated and the "facts and theories" to

8  support the alleged violation.  Cal. Lab. Code § 2699.3(a)(1).

9  While the exact requirements of this standard remain undefined,

10  courts have marked its contours.  In <u>Archila v. KFC U.S.</u>

11  <u>Properties, Inc.</u>, 420 F. App'x 667 (9th Cir. 2011), the court

12  found plaintiff's notice to be insufficient where "[t]he demand

13  letter merely list[ed] several California Labor Code provisions

14  [the plaintiff] allege[d] KFC violated and request[ed] that KFC

15  conduct an investigation."[8]  <u>Archila</u>, 420 F. App'x at 669.

16  The court in <u>Gonzalez v. Millard Mall Services, Inc.</u>,

17  09CV2076-AJB WVG, 2012 WL 3629056 (S.D. Cal. Aug. 21, 2012),

18  distinguished <u>Archila</u> and found that plaintiffs' letter to the

19  LWDA provided sufficient notice under section 2699.3.  The letter

20  stated that the defendant violated Labor Code section 212, which

21  "prohibits employers from issuing paychecks that [are] not

22  negotiable, payable in cash, on demand, without discount, at an

23  established place of business in California, the name and address

24  of which appears on the instrument, and which place of business

25

26  [8]  Given how bare the letter at issue in <u>Archila</u> was, the
court rejects the gloss put on that case in <u>Soto v. Castlerock</u>
27  <u>Farming & Transport Inc.</u>, CIV-F-09-0701 AWI, 2012 WL 1292519
(E.D. Cal. Apr. 16, 2012).  <u>Soto</u> interpreted <u>Archila</u> to require
28  that the notice letter have an "exceedingly detailed level of
specificity . . . ."  <u>Soto</u>, 2012 WL 1292519, at *8.

1   has been prepared, by the deposit of funds, understanding to pay

2   the money called for by the instrument." <u>Gonzalez</u>, 2012 WL

3   3629056, at *6 (citing Cal. Labor Code § 212).  It then explained

4   that "[i]n violation of these statutory requirements, the

5   Defendants issued pay checks out of a bank in Illinois and the

6   address of the bank does not appear on the checks." <u>Id.</u> at *6

7   (internal quotation marks omitted).  The court held that,

8   "[c]ontrary to the notice letter in <u>Archila</u> where Plaintiffs

9   merely listed a long list of specific labor code sections without

10  any facts to support each, here, Plaintiffs state the labor code

11  violation and [sic] provides sufficient facts to provide notice

12  to the LWDA." <u>Id.</u>

13        Similarly, in <u>Lessard v. Trinity Protection Services,</u>

14  <u>Inc.</u>, 2:10-CV-01262-MCE, 2010 WL 3069265 (E.D. Cal. Aug. 3, 2010)

15  (England, J.), the plaintiffs' notice letter alleged that the

16  defendant violated Labor Code section 204, which sets forth

17  guidelines for when wages must be paid.  <u>Lessard</u>, 2010 WL

18  3069265, at *1.  The notice letter stated that the defendant's

19  practice was to pay wages twelve days after the pay period ended

20  for each employee.  <u>Id.</u>  The court held that the notice letter

21  informed the defendant of the "facts and theories" supporting the

22  alleged violation and was sufficient to enable the LWDA to

23  investigate the claim.  <u>Id.</u> at 3.

24        Here, in their December 17, 2012 notice letter to

25  defendants and the LWDA, plaintiffs alleged that Vinh Phat

26  violated Labor Code sections and related IWC wage order

27  provisions requiring payment of overtime wages for hours worked

28  in excess of eight hours in a day or forty hours in a week (Labor

18

Code sections 510 and 1194); payment of the minimum wage (Labor Code section 1194 and IWC Minimum Wage Order MW-2007); meal and rest periods at certain intervals (Labor Code section 226.7 and IWC Wage Order 4 sections (11)(A) and (12)(A)); provision of itemized statements accurately depicting, among other things, the "gross wages earned" and the "net wages earned" (Labor Code section 226); and that all wages, including overtime wages, be paid to employees upon separation and/or termination of employment (Labor Code sections 201-203). (See Dec. 17, 2012 Letter.) Plaintiffs also alleged that Vinh Phat violated section 558 by infringing on their rights to overtime and meal and rest periods.[9] (Id. at 4.)

In their notice letter, plaintiffs stated that they, along with similarly situated employees, worked in excess of eight hours per day and forty hours per work, but only received a set salary per work week. (Id. at 2.) This set salary did not compensate them for overtime and minimum wages for any work beyond eight hours in a day and forty hours in a week. (Id.) Plaintiffs also stated that Vinh Phat did not keep track of the hours that they actually worked. (Id.)

According to plaintiffs' notice letter, Vinh Phat required its employees to work over ten hours per day without providing full meal periods and ten-minute rest breaks. (Id. at 3.) Plaintiffs also claimed that Vinh Phat failed to inform them that they were able to take rest periods and did not have a rest

---

[9]     Plaintiffs' notice letter also addressed an alleged violation of Labor Code section 227.3 for failure to pay accrued vacation wages upon termination, but plaintiffs no longer allege a violation of that provision in the SAC.

1  period policy.  (Id.)  Further, Vinh Phat customers regularly

2  sought out plaintiffs for assistance such that it was not

3  possible for them to take rest periods.  (Id.)

4          The notice letter also stated that Vinh Phat failed to

5  itemize the hours plaintiffs worked on their pay stubs, as well

6  as the missed meal and rest period premiums that were owed to

7  them, which precluded plaintiffs from determining the total

8  amount of wages due and owing.  (Id. at 3.)  Plaintiffs claimed

9  they did not receive all their final wages at the time of

10  termination or within seventy-two hours of that time.  (Id. at

11  4.)

12          Plaintiffs' notice letter provides sufficient "facts

13  and theories" to support the violations of the Labor Code that

14  they allege Vinh Phat committed.[10]  As to the alleged violations

15  related to overtime and the minimum wage, plaintiffs supplied

16  more facts than the plaintiffs in Archila, who offered none, and

17  at least as much detail as the plaintiffs in Gonzalez and

18  Lessard.  While plaintiffs' statement that they worked more than

19  forty hours per week, for example, is in one sense a restatement

20  of a provision alleged to have been violated, it is nonetheless a

21  fact that notifies defendants and the LWDA of the basis for

22  plaintiffs' claims.  Of particular importance, plaintiffs explain

23  that they only received a set salary that did not compensate them

24  for work performed over eight hours in a day or forty hours in a

25

26          [10]  Plaintiffs repeatedly suggest that defendants "waived"

27  their sufficiency argument because they never raised any concerns
   regarding the sufficiency of the December 17, 2012 letter before

28  these motions.  Plaintiffs provide no authority to support this
   proposition.  It therefore must be rejected.

week, and that Vinh Phat did not record their hours.  For minimum

wage and overtime violations, these facts are sufficient for the

employer to understand the basis of an employee's grievance on

those grounds or for the LWDA to initiate an investigation,

especially when the names of the aggrieved employees are

provided.  See Cardenas v. McLane FoodServices, Inc., 796 F.

Supp. 2d 1246, 1259-60 (C.D. Cal. 2011) (holding that the

plaintiff's letter to the LWDA provided sufficient notice where

it named the aggrieved employees and set forth some, but not all,

facts supporting the alleged violations of the Labor Code).

As to the remaining alleged violations, plaintiffs

have also provided comparable factual specificity to the

plaintiffs in Gonzalez and Lessard.  See also Moua v. Int'l Bus.

Machines Corp., 5:10-CV-01070 EJD, 2012 WL 370570, at *5 (N.D.

Cal. Jan. 31, 2012) (rejecting the argument that aggrieved

employees were required to include specific facts as to each

violation); Cardenas, 796 F. Supp. 2d at 1259-60.  In sum, the

court finds that plaintiffs' notice letter complies with Labor

Code section 2699.3 because it "identifies at least some alleged

facts and theories" in support of Vinh Phat's alleged

violations,[11] Moua, 2012 WL 370570, at *5, and provides a

sufficient basis for the LWDA to investigate the aggrieved

employees' allegations.

Vinh Phat argues that Gonzalez, Lessard, and Cardenas

are distinguishable because they did not consider an employer's

_____

[11]   Because the court finds that the December 17, 2012
letter provided sufficient notice, it need not consider the
effect of an additional letter that plaintiffs sent July 2, 2013.

21

right to cure under section 2699.3(c).  In its view, where the

employer may cure, the notice letter must contain all the facts

needed, such as the precise number of hours and the dates and

times those hours were worked, in order for the employer to cure

the alleged deficiencies.  (Vinh Phat Reply at 6:11-17 (Docket

No. 22).)  Only one of the predicate statutory violations of

plaintiffs' PAGA claim against Vinh Phat, section 558, however,

requires allowing the employer to cure.  See Cal. Labor Code §

2699.3(c).  According to their notice letter, plaintiffs' section

558 claim derives from violations of Labor Code provisions and

IWC wage orders related to overtime and meal and rest periods.

(Dec. 17, 2012 Letter at 4.)

        Even in light of Vinh Phat's opportunity to cure the

section 558 violation, the court finds plaintiffs' notice letter

sufficient.  There is no difference in the language between

subdivision (a)(1) and (c)(1) suggesting that a notice letter

must contain different or more facts where the employer may cure.

Requiring that all the information needed to cure allegations of

complex overtime and meal and break periods violations be in the

notice letter would seem to go beyond what was contemplated by

the "facts and theories" standard of section 2699.3.

        The California legislature amended PAGA to include

section 2699.3 to allow "the [LWDA] to act first on more

'serious' violations such as wage and hour violations and give

employers an opportunity to cure less serious violations."

Caliber Bodyworks, 134 Cal. App. 4th at 375 (internal quotation

marks and citations omitted).  Even if the information provided

in the notice letter is alone insufficient to allow the employer

to cure, the purpose of the notice requirement is not undermined.
The employer's cure was not intended to be a panacea in all
cases, but rather an opportunity to foreclose unnecessary
litigation in cases that are easily resolved by basic
communication between the parties.  This is reflected in the
short time period the statute provides for cure.  The court also
notes that the Labor Code sections regarding overtime (sections
510 and 1194), meal periods (sections 226.7 and 512),[12] and rest
periods (section 226.7) are included in section 2699.5 and would
not usually be subject to cure.  Had plaintiffs only requested
civil penalties under section 2699(f) and not also under section
558, Vinh Phat would not have the opportunity to cure the alleged
violations of the substantive Labor Code provisions it had in
this case.

          Where an employer may cure, the notice letter is
sufficient so long as it enables the employer to understand the
basis for the aggrieved employee's allegations and to further
investigate them.  For the reasons explained above, the notice
letter at issue in this case meets this standard.  If the
employer cannot cure after a quick, reasonable investigation
based upon such a notice letter, no abuse is done to the purpose
of section 2699.3's notice and exhaustion requirements.

          Accordingly, plaintiffs' PAGA claim against Vinh Phat
will not be dismissed for failure to comply with section 2699.3.

          [12]  Plaintiffs' section 558 claim is predicated upon
violations of section 510 and 512.  (See SAC ¶ 108.)  While
plaintiffs did not expressly mention section 512 in their notice
letter, they did refer to IWC Wage Order 4 section 11(A), which
has comparable substantive requirements related to meal periods
as section 512.  (See Dec. 17, 2012 Letter at 3.)

1    B.   Plaintiffs' Compliance with Section 2699.3 as to Their

2         Labor Code Section 558 Claim Against the Individual

3         Defendants

4         Section 558 provides that "[a]ny employer or other

5    person acting on behalf of an employer who violates, or causes to

6    be violated, a section of . . . [C]hapter [One] or any provision

7    regulating hours and days of work in any order of the Industrial

8    Welfare Commission shall be subject to a civil penalty . . . ."

9    Cal. Labor Code § 558(a).  The individual defendants argue that

10   "[b]ecause individuals may be liable under [section] 558, and the

11   intent of [section] 2699.3 is to provide notice to potentially

12   liable parties, corporate agents the employee believes are liable

13   (such as Defendants) are entitled to pre-filing PAGA notice."[13]

14   (Vong Mem. in Supp. at 7:12-15 (Docket No. 16).)  They expressly

15   contend, however, that "corporate agents are not generally

16   'employers' under the Labor Code" and that "[n]otice to an

17   'employer' is not notice to a corporate agent."  (Id. at 7:9-10,

18   7:12.)

19        When interpreting a California statute, the court first

20   gives "the words their ordinary definitions unless special

21   definitions are provided."  London v. Dri-Honing Corp., 117 Cal.

22   App. 4th 999, 1004 (3d Dist. 2004).  "If the meaning of the words

23   is clear, then the language controls; if not, [a court] may use

24   various interpretive aids."  Id.  Section 2699.3(c) requires that

25   the aggrieved employee give notice to the LWDA and the employer.

26

27        [13]    The individual defendants state that they only assume
28   for purposes of their motion that they may be held liable under
     section 558.  (Vong Mem. in Supp. at 7 n.3.)

1  Cal. Labor Code § 2699.3(c)(1) (emphasis added).  It also gives

2  the <u>employer</u> the opportunity to cure the alleged violation within

3  a specified period of time.  Id. § 2699.3(c)(2)(A) (emphasis

4  added).

5       The language of section 2699.3 is clear: the aggrieved

6  employee must only provide notice to the employer.  Likewise,

7  only an employer, not a corporate agent, may cure.  The

8  individual defendants identify no authority suggesting that the

9  term "employer" should be read to include corporate agents.  To

10  the contrary, cases construing the scope of "employer" under the

11  Labor Code teach that the term does not reach individual

12  corporate agents acting within the scope of their agency.  See

13  Martinez v. Combs, 49 Cal. 4th 35, 66, 75 (2010); Reynolds v.

14  Bement, 36 Cal. 4th 1075, 1087-88 (2005), abrogated on other

15  grounds by Martinez, 49 Cal. 4th at 66.  While the individual

16  defendants may understandably prefer to be forewarned about their

17  potential liability, the court is bound to follow the section's

18  clear language.  Notice to the employer, even where the aggrieved

19  employee brings a claim against a corporate agent, is therefore

20  sufficient to comply with the notice requirement of section

21  2699.3.  As the court found above, plaintiffs have satisfactorily

22  cured any defects as to the timeliness of their notice.

23       Moreover, because section 2699.3 did not obligate

24  plaintiffs to provide notice of their claims to the individual

25  defendants, a fortiori they had no obligation "to indicate [that

26  the individual defendants] are liable or explain how they

27  'violated or caused to be violated' overtime and meal period

28  requirements."  (Vong Mem. in Supp. at 8:13-14 (quoting Cal.

1   Labor Code § 558).)   To provide sufficient notice, plaintiffs

2   only needed to detail "the specific provisions of [the Labor]

3   [C]ode alleged to have been violated, including the facts and

4   theories to support the alleged violation."   Cal. Labor Code §

5   2699.3(c)(1).   As explained above, plaintiffs did so.

6   Accordingly, plaintiffs' Labor Code section 558 claim against the

7   individual defendants will not be dismissed for failure to comply

8   with section 2699.3(c).

9          C.   Statute of Limitations

10          California Code of Civil Procedure section 340(a)

11   imposes a one-year statute of limitations for any action on a

12   statute for a penalty or forfeiture.   Section 340(a) applies to

13   claims for civil penalties under PAGA.   Harris, 2010 WL 56179, at

14   *3; Thomas, 527 F. Supp. 2d at 1007-08.   Additionally, "the

15   entire remedy provided by section 558, including the recovery of

16   underpaid wages, is a civil penalty," Thurman, 203 Cal. App. 4th

17   at 1147, and therefore section 340(a) also applies to section 558

18   claims, Yadira v. Fernandez, C-08-05721 RMW, 2011 WL 2434043, at

19   *5 (N.D. Cal. June 14, 2011).   Plaintiffs allege that Bu was

20   terminated November 20, 2010, and that Thanh was terminated

21   October 10, 2010.   (SAC ¶¶ 30, 47.)   Plaintiffs did not provide

22   notice to the LWDA until December 2012, over two years after Bu

23   and Thanh were terminated.

24          Plaintiffs did not respond to defendants' argument that

25   Bu's and Thanh's claims are time barred.   Accordingly, Bu's and

26   Thanh's PAGA and section 558 claims will be dismissed with

27   prejudice.   See Silva v. U.S. Bancorp, 5:10-CV-01854-JHN, 2011 WL

28   7096576, at *3 (C.D. Cal. Oct. 6, 2011) (finding that the

26

1  plaintiff conceded that claim should be dismissed by failing to

2  address defendants' arguments in his opposition); see also

3  Harris, 2010 WL 56179, at *3 (finding PAGA claim untimely where,

4  although the complaint alleging the claim was filed within the

5  limitations period, notice was not sent to the LWDA within that

6  period); Baas v. Dollar Tree Stores, Inc., C 07-03108 JSW, 2009

7  WL 1765759, at *5 (N.D. Cal. June 18, 2009) ("Because Plaintiffs

8  did not even serve the required notice until after the statute of

9  limitations had passed, their proposed PAGA claim does not relate

10 back.").

11        D.   Alter Ego

12        Under California law, "there is no such thing as a

13 substantive alter ego claim . . . ." Ahcom, Ltd. v. Smeding, 623

14 F.3d 1248, 1251 (9th Cir. 2010). "'A claim against a defendant,

15 based on the alter ego theory, is not itself a claim for

16 substantive relief, e.g., breach of contract or to set aside a

17 fraudulent conveyance, but rather, procedural.'" Id. (quoting

18 Hennessey's Tavern, Inc. v. Am. Air Filter Co., 204 Cal. App. 3d

19 1351, 1358 (2d Dist. 1988)). The court therefore interprets the

20 individual defendants' request "to dismiss the alter ego claim"

21 as a request to dismiss plaintiffs' claims against the individual

22 defendants to the extent those claims rely on a theory of alter

23 ego, rather than individual, liability.[14]

24        "The alter ego doctrine arises when a plaintiff comes

25 into court claiming that an opposing party is using the corporate

26 _____

27        [14]   In the SAC, plaintiffs expressly bring only two claims
   against the individual defendants. All parties appear to assume,
28 however, that all the claims brought against Vinh Phat are also
   alleged against the individual defendants on an alter ego theory.

                                27

form unjustly and in derogation of the plaintiff's interests."[15]
Mesler v. Bragg Mgmt. Co., 39 Cal. 3d 290, 300 (1985).  Under the
doctrine, "[a] corporate identity may be disregarded--the
'corporate veil' pierced--where an abuse of the corporate
privilege justifies holding the equitable ownership of a
corporation liable for the actions of the corporation."  Sonora
Diamond Corp. v. Superior Court, 83 Cal. App. 4th 523, 538 (5th
Dist. 2000).  "[C]ourts will ignore the corporate entity and deem
the corporation's acts to be those of the persons or
organizations actually controlling the corporation" "when the
corporate form is used to perpetrate a fraud, circumvent a
statute, or accomplish some other wrongful or inequitable
purpose."  Id.

        The doctrine may be invoked when two conditions are
met: (1) there is such unity of interest and ownership that the
separate personalities of the individual and the corporation no

---

[15]    Although counsel for the individual defendants
indicated at the hearing on these motions that he believes
plaintiffs are attempting to hold the individual defendants
liable for the totality of Vinh Phat's wrongdoing, it remains
unclear whether the individual defendants believe that plaintiffs
may not proceed against them on an alter ego theory under the
FLSA, or merely that if plaintiffs proceed on such a theory,
California alter ego law applies. (See Vong Mem. in Supp. at
3:1-16); cf. Maddock v. KB Homes, Inc., 631 F. Supp. 2d 1226,
1242 (C.D. Cal. 2007) (applying federal alter ego law to FLSA
claim and noting that "[i]n considering whether to pierce the
corporate veil in a suit arising under federal law, a court must
apply federal substantive law, though it may look to state law
for guidance").  Regardless of the validity of either
proposition, the court finds that even if federal alter ego law
applies to the FLSA claim, because plaintiffs' allegations are
insufficient to allege alter ego theory under California law,
they are also insufficient under federal law.  See Ministry of
Def. of the Islamic Republic of Iran v. Gould, Inc., 969 F.2d
764, 769 (9th Cir. 1992) (noting that California alter ego law is
substantially similar to federal law).

1  longer exist; and (2) that, if the acts in question are treated

2  as those of the corporation alone, an inequitable result will

3  follow.  Mid-Century Ins. Co. v. Gardner, 9 Cal. App. 4th 1205,

4  1212 (3d Dist. 1992).  "Conclusory allegations of 'alter ego'

5  status are insufficient to state a claim.  Rather, a plaintiff

6  must allege specifically both of the elements of alter ego

7  liability, as well as facts supporting each."  Neilson v. Union

8  Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003).

9                 1.  Unity of Interest

10        "Factors that courts have found militated towards

11  finding alter ego liability include commingling of assets,

12  treatment of the assets of the corporation as the individual's

13  own, failure to maintain corporate records, employment of the

14  same employees and attorneys, undercapitalization, and use of the

15  corporation as a shell for the individual."  Ontiveros v. Zamora,

16  CIV S-08-567LKK/DAD, 2009 WL 425962, at *7 (E.D. Cal. Feb. 20,

17  2009) (Karlton, J.) (citing Associated Vendors, Inc. v. Oakland

18  Meat Co., 210 Cal. App. 2d 825, 838-40 (1st Dist. 1962)).

19        Plaintiffs allege that there existed such "a unity of

20  ownership and interest between" Vinh Phat, Vong, Ly, and Plasket

21  "that any individuality and separateness" between them dissolved,

22  rendering Vinh Phat the alter ego of Vong, Ly, and Plasket.  (SAC

23  ¶ 21.)  The individual defendants were allegedly also the

24  officers and directors, shareholders, and owners of Vinh Phat and

25  directed the working conditions and compensation practices of the

26  supermarket.  (Id. ¶¶ 12-14.)

27        Plaintiffs further allege that because Vong, Ly, and

28  Plasket have funneled Vinh Phat's funds into the personal

accounts of themselves, their families, and associates, Vinh Phat
is undercapitalized.  (<u>Id.</u> ¶ 22.)  Further, Vinh Phat's business
activities were conducted without the holding of directors or
shareholders meetings, no records or minutes of any corporate
proceedings were maintained, and Vinh Phat entered into "personal
transactions with investments without the approval of other
corporate officers."  (<u>Id.</u> ¶ 23.)

        To sufficiently allege a theory of alter ego,
plaintiffs must provide "more than labels and conclusions"--
"[f]actual allegations must be enough to raise a right to relief
above the speculative level."  <u>Twombly</u>, 550 U.S. at 555 (internal
citation omitted).  Plaintiffs' allegations of a unity of
ownership and interest and control over working conditions are
conclusory, as is their claim that Vinh Phat is undercapitalized.
The factual allegation that they offer to show
undercapitalization--that the individual defendants have
"funneled" Vinh Phat's funds into the personal accounts of
themselves, their family, and their associates--is insufficient.
Without further factual context, such "funneling" could merely be
the usual practice of corporations to pay dividends to
shareholders, and engaging in such a practice does not
necessarily mean that a corporation is undercapitalized.  <u>Cf.</u>
<u>Dollar Tree Stores Inc. v. Toyama Partners LLC</u>, C 10-0325 SI,
2011 WL 872724, at *2 (N.D. Cal. Mar. 11, 2011) (concluding that
the plaintiff sufficiently alleged that corporation was
undercapitalized where alleged specific facts demonstrating
undercapitalization).  Additionally, the court cannot decipher
what plaintiffs intend by their allegation that Vinh Phat entered

1  into "personal transactions with investments without the approval
2  of other corporate officers."  (See SAC ¶ 23.)

3         Setting aside plaintiffs' recitation of the elements of
4  alter ego and their unsupported conclusions, the only factual
5  allegations that remain are those showing that Vinh Phat failed
6  to observe corporate formalities.  These allegations above are
7  insufficient under California law to question the independence
8  and separateness of the individual shareholders and Vinh Phat.
9  Plaintiffs have therefore failed to plead unity of interest.  Cf.
10 Pac. Mar. Freight, Inc. v. Foster, 10-CV-0578-BTM-BLM, 2010 WL
11 3339432, at *6 (S.D. Cal. Aug. 24, 2010) (noting that "[t]he
12 identification of the elements of alter-ego liability plus two or
13 three factors has been held sufficient to defeat a 12(b)(6)
14 motion to dismiss").

15        2.   Inequitable Result

16        To allege the inequitable result element of the alter
17 ego theory, plaintiffs must allege bad-faith conduct by
18 defendants.  Mid-Century Ins. Co., 9 Cal. App. 4th at 1213.
19 "[T]he kind of inequitable result that makes alter ego liability
20 appropriate is an abuse of the corporate form, such as
21 under-capitalization or misrepresentation of the corporate form
22 to creditors."  Firstmark Capital Corp. v. Hempel Fin. Corp., 859
23 F.2d 92, 94 (9th Cir. 1988) (internal quotation marks and
24 citations omitted) (applying California law).  "[W]hile the
25 doctrine does not depend on the presence of actual fraud, it is
26 designed to prevent what would be fraud or injustice, if
27 accomplished."  Associated Vendors, Inc., 210 Cal. App. 2d at
28 838.

1          Undercapitalization is a relative term.  Plaintiffs'

2    allegations are too vague to determine what they mean by

3    undercapitalization in the context of this case.  Plaintiffs also

4    failed to allege any facts suggesting that the individual

5    defendants left Vinh Phat undercapitalized in bad faith or with

6    the intention of prejudicing creditors such that it would be

7    inequitable to hold only the corporate defendant liable for its

8    acts.  See id. at 837.  Plaintiffs have therefore failed to plead

9    an inequitable result.

10          Plaintiffs argue that they are not required to plead

11   alter ego with particularity because the theory involves facts

12   that are in the sole possession of defendants and no discovery

13   has been conducted to date.  They cite no apposite case for this

14   proposition, and the court rejects it in light of the applicable

15   pleading standards set forth at the onset of this Order.[16]

16   Accordingly, to the extent they are based on an alter ego theory,

17   plaintiffs' claims against the individual defendants will be

18   dismissed with leave to amend.

19        E.   Joinder of a Necessary Party

20          The individual defendants request that the court order

21   joinder of Muoi Lam as a necessary party.  See Fed. R. Civ. P.

22   19(a)(2).  They contend that she is a necessary party because she

23   worked at Vinh Phat as a supervisor, exercised the same control

24   over employees as the individual defendants, and participated in

25

26        [16]   Plaintiffs cite only to a case decided before Bell
     Atlantic Corp. v. Twombly and Ashcroft v. Iqbal regarding an
27   exception to the particularized pleading requirement of Rule 9(b)
     that allows allegations of fraud based on information and belief
28   with respect to matters within the opposing party's knowledge.
     See Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993).

1  employee-related corporate decisions to the same extent as the

2  individual defendants.  (Vong Mem. in Supp. at 9:25-10:1.)   The

3  individual defendants also contend that, like them, Lam is a Vinh

4  Phat shareholder.[17]  (Id. at 9:15-20.)

5         Rule 19 does not require the joinder of joint

6  tortfeasors.  Fed. R. Civ. P. 19 advisory committee's note to

7  1966 amends.  Where there is joint and several liability among

8  defendants, each defendant is merely a permissive party to the

9  action.  See Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990)

10 ("It has long been the rule that it is not necessary for all

11 joint tortfeasors to be named as defendants in a single

12 lawsuit.");  Wynn v. Nat'l Broad. Co., 234 F. Supp. 2d 1067, 1090

13 (C.D. Cal. 2002).  The individual defendants and plaintiffs have

14 spent a lot of time arguing about whether Lam would be jointly

15 and severally liable with the individual defendants for the

16 claims alleged against the individual defendants.  Regardless of

17 whether she was or was not a joint tortfeasor, however, the

18 individual defendants have not met their burden of showing that

19 Lam is a necessary party.  See Brum v. County of Merced,

20 1:12-CV-01636-AWI, 2013 WL 2404844, at *4 (E.D. Cal. May 31,

21 2013) (Oberto, M.J.).

22        Rule 19(a) provides that an absent nonparty is

23 "required to be joined if feasible"--that is, necessary--if:

24              (A) in that person's absence, the court cannot
         accord complete relief among existing parties; or

25

26              (B) that person claims an interest relating to

27

28 [17]    Because the court finds that Lam is not a necessary
   party, it assumes the truth of these facts offered by the
   individual defendants for the purposes of resolving this motion.

33

1  the subject of the action and is so situated that
   disposing of the action in the person's absence may:
2                    (i) as a practical matter impair or impede
   the person's ability to protect the interest; or
3                    (ii) leave an existing party subject to a
   substantial risk of incurring double, multiple, or
4  otherwise inconsistent obligations because of the
   interest.
5
6  Fed. R. Civ. P. 19(a)(1).

7        "There is no precise formula for determining whether a

8  particular non-party is necessary to an action" and the inquiry

9  is context-specific based upon the facts and circumstances of

10 each case." Confederated Tribes of Chehalis Indian Reservation

11 v. Lujan, 928 F.2d 1496, 1498 (9th Cir. 1991). Nonetheless, the

12 court must first "consider if complete relief is possible among

13 those parties already in the action." Id.

14       Second, the court must consider "whether the non-party

15 has a 'legally protected interest' in this action that would be

16 'impaired or impeded' by adjudicating the case without it."

17 Paiute-Shoshone Indians of Bishop Cmty. v. City of Los Angeles,

18 637 F.3d 993, 997 (9th Cir. 2011) (quoting Yellowstone County v.

19 Pease, 96 F.3d 1169, 1172-73 (9th Cir. 1996)). The interest

20 "must be more than a financial stake and more than speculation

21 about a future event." Makah Indian Tribe v. Verity, 910 F.2d

22 555, 558 (9th Cir. 1990) (internal citations omitted).

23       The "complete relief" contemplated by subsection

24 (a)(1)(A) of Rule 19 applies only to "relief as between the

25 persons already parties, not as between a party and the absent

26 person whose joinder is sought." Eldredge v. Carpenters 46 N.

27 Cal. Cntys. Joint Apprenticeship & Training Comm., 662 F.2d 534,

28 537 (9th Cir. 1981) (internal quotation marks and citation

omitted).  "'This factor is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action.'" Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 879 (9th Cir. 2004) (quoting Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983)).  While the individual defendants may be frustrated that their fellow shareholder may not be held liable with them, the individual defendants do not appear to contend that the court cannot accord meaningful relief between plaintiffs and the named individual defendants without joinder of Lam.  The court discerns no reason for so concluding.

The parties dispute whether Lam has an interest in this action that will be impaired by her absence.  The individual defendants argue that Lam may have different defenses from the other individual defendants and that from her perspective, "to state it bluntly, Defendants have every incentive to pile any individual responsibility on her rather than on themselves." (Vong Reply at 7:8-10; see Vong Mem. in Supp. at 12:8.)  The individual defendants' argument misses the obvious point: the court will not make any finding as to Lam's liability so long as she is not a party to the action.  Thus, whether she has different defenses or is painted as the wrongdoer by the other individual defendants, there will be no legal obligations imposed on her in her absence.[18]  Further, the individual defendants

---

[18]   Castner v. First Nat'l Bank of Anchorage, 278 F.2d 376 (9th Cir. 1960), does not otherwise require joinder of Lam.  In Castner the court explained that corporate directors are "indispensable where they themselves are charged with fraudulent

1  remain free to make their argument at trial that Lam caused

2  plaintiffs' injuries.  Nothing prevents them from subpoenaing Lam

3  and offering evidence in support of their arguments.

4        Nor is joinder warranted under Rule 19(a)(1)(B)(ii)

5  because the individual defendants are likely to incur

6  "inconsistent findings and multiple liability." (Vong Reply at

7  7:7-8.)  The individual defendants have not explained what

8  inconsistent findings or multiple liability they may be subjected

9  to if Lam is not joined.  See Cachil Dehe Band of Wintun Indians

10 of the Colusa Indian Cmty. v. California, 547 F.3d 962, 976 (9th

11 Cir. 2008) (adopting the First Circuit's approach that

12 inconsistent obligations are not the same as inconsistent

13 adjudications or results).  The court declines to speculate as to

14 how the individual defendants might later be burdened.

15 Accordingly, because Lam is not a necessary party to any of

16 plaintiffs' claims, the court will not order her joinder.

17        IT IS THEREFORE ORDERED that:

18     (1)  Vinh Phat's motion to dismiss be, and the same hereby

19 is, GRANTED as to plaintiffs Bu and Thanh and DENIED as to all

20 other plaintiffs.

21

22 or improper conduct." Castner, 278 F.2d at 384.  Here plaintiffs
   do not bring any claims sounding in fraud.  While they do allege
23 alter ego as a basis for the court to pierce the corporate veil,
   they are not attempting to hold defendants liable for the acts of
24 bad faith that support a finding of alter ego.  Instead, they
   wish to hold defendants liable for their alleged violations of
25 statutes governing employment conditions.  Further, this is not
   an action by or on behalf of a corporation that the individual
26 defendants control.  See id. ("Directors are generally not
   necessary or indispensable parties to an action by or on behalf
27 of the corporation they control.  They are of course
   indispensable where they themselves are charged with fraudulent
28 or improper conduct." (internal citations omitted)).

36

    (2)   The individual defendants' motion to dismiss be, and the same hereby is, GRANTED IN PART and DENIED IN PART. Plaintiffs' claims against the individual defendants are dismissed with leave to amend to the extent they rely on an alter ego theory.   Plaintiffs Bu's and Thanh's California Labor Code section 558 claims are also dismissed.

    (3)   The individual defendants' motion to join a necessary party be, and the same hereby is, DENIED.

DATED:  August 12, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

37