UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JEANETTE HOANG, YUN WU, GUANG GU XIANG, MENGTING FANNY KUO, GIA NHAM THANH, EDMOND CAU VAN, GAO ZHI WEI, DANNY HUNG LEUNG, YE-GUI BU, and COOC MAN COONG,<br><br>    Plaintiffs,<br><br>    v.<br><br>VINH PHAT SUPERMARKET, INC., a California Corporation; SAU V. VONG, as an individual; CAM LY, as an individual; SUYING PLASKETT, as an individual, and DOES 1 to 100, inclusive<br><br>    Defendants,<br><hr>AND RELATED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT. | NO. CIV 2:13-00724 WBS EFB |

----oo0oo----

1

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, and having received no input from the third-party defendant, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for September 30, 2013, and makes the following findings and orders without needing to consult with the parties any further.

### I.   SERVICE OF PROCESS

All remaining defendants have been served, and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

### II.   JOINDER OF PARTIES/AMENDMENTS

After October 30, 2013, no further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

### III. JURISDICTION/VENUE

Jurisdiction is predicated upon federal question jurisdiction, 28 U.S.C. § 1331, because plaintiff's claims arise under the Fair Labor Standards Act, 29 U.S.C. §§ 206-207. Supplemental jurisdiction is predicated upon 28 U.S.C. § 1367. Venue is undisputed and is hereby found to be proper.

### IV.   DISCOVERY

The parties shall serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by no later than October 30, 2013.

The parties shall disclose experts and produce reports

1 in accordance with Federal Rule of Civil Procedure 26(a)(2) by no
2 later than September 12, 2014.  With regard to expert testimony
3 intended solely for rebuttal, those experts shall be disclosed
4 and reports produced in accordance with Federal Rule of Civil
5 Procedure 26(a)(2) on or before October 14, 2014.
6 　　　　All discovery, including depositions for preservation
7 of testimony, is left open, save and except that it shall be so
8 conducted as to be <u>completed</u> by December 15, 2014.  The word
9 "completed" means that all discovery shall have been conducted so
10 that all depositions have been taken and any disputes relevant to
11 discovery shall have been resolved by appropriate order if
12 necessary and, where discovery has been ordered, the order has
13 been obeyed.  All motions to compel discovery must be noticed on
14 the magistrate judge's calendar in accordance with the local
15 rules of this court and so that such motions may be heard (and
16 any resulting orders obeyed) not later than December 15, 2014.
17 　　　　V.   <u>MOTION HEARING SCHEDULE</u>
18 　　　　All motions, except motions for continuances, temporary
19 restraining orders, or other emergency applications, shall be
20 filed on or before February 13, 2015.  All motions shall be
21 noticed for the next available hearing date.  Counsel are
22 cautioned to refer to the local rules regarding the requirements
23 for noticing and opposing such motions on the court's regularly
24 scheduled law and motion calendar.
25 　　　　VI.  <u>FINAL PRETRIAL CONFERENCE</u>
26 　　　　The Final Pretrial Conference is set for April 13,
27 2015, at 2:00 p.m. in Courtroom No. 5.  The conference shall be
28 attended by at least one of the attorneys who will conduct the

trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VII.  TRIAL SETTING

The trial is set for June 16, 2015, at 9:00 a.m.  The court notes that a jury trial has been demanded and that the parties have estimated that the trial will last between twenty and thirty trial days.  Counsel should take note that because of the court's heavy caseload, and the priority which other types of actions must take over civil cases of this nature, it is highly unlikely that the court will be able to allocate twenty to thirty

4

days to the trial of this case.

### VIII. SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference.  All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge.  If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

### IX. MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

Dated: September 24, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE